1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8    JOHN W. RICHARDSON,

9              Petitioner,              No. 2:08-cv-2973 JFM (PC)

10        vs.

11   SACRAMENTO SUPERIOR COURT,         ORDER AND

12             Respondent.              FINDINGS AND RECOMMENDATIONS

13   _____/

14             Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of

15   mandate pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

16             Examination of the in forma pauperis affidavit reveals that petitioner is unable to

17   afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is

18   granted.  See 28 U.S.C. § 1915(a).

19             Petitioner has previously filed a petition for writ of mandate in which he claimed

20   he was wrongly convicted of failure to register as a sex offender pursuant to Cal. Penal Code

21   § 290.  See Case No. 2:06-cv-2063 JAM EFB P.[1]  Petitioner was advised that

22            [f]ederal courts lack jurisdiction to issue a writ of mandamus to a
              state court.  Demos v. United States Dist. Court for the E. Dist. of
23            Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), citing 28 U.S.C.
              § 1651. . . .  Generally, a state prisoner may file in federal court
24            either a petition for writ of habeas corpus pursuant to 28 U.S.C.

25   _____

26        [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
     803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

§ 2254, in which he seeks relief from the fact or duration of his confinement, or a civil rights complaint pursuant to 42 U.S.C. § 1983, in which he seeks money damages for the violation of a constitutional right by a state actor.

(Case No. 2:06-cv-2063 JAM EFB P, June 12, 2008 Order at 1.)  The petition in Case No. 2:06-cv-2063 was dismissed with leave to amend, and the action was subsequently terminated based on petitioner's failure to file an amended petition.

Petitioner has again filed a petition for writ of mandate.  A review of the Sacramento County Superior Court's website reflects petitioner was sentenced to a misdemeanor violation of California Penal Code § 290(G)(1) (Case No. 05M08755) on April 9, 2008,[2] and he was sentenced to felony violations of California Penal Code §§ 243(d) and 245(A)(1) (Case No. 07F07653)[3] on July 9, 2008.

The authority of the federal courts "to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" Felker v. Turpin, 518 U.S. 651, 662 (1996) (citation omitted); see also Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997).  While petitioner attempts to frame his challenge as a petition for writ of mandate, his claims are more properly brought by way of petition for writ of habeas corpus pursuant to § 2254. A petitioner may not "avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241." Greenawalt, 105 F.3d at 1287; see also White v. Lambert, 370 F.3d 1002 (9th Cir. 2004)(all habeas cases filed by state prisoners arise under § 2254; there is no subcategory of § 2241 for state prisoners.)

---

[2] Superior Court of California, County of Sacramento (visited December 10, 2008) <https://services.saccourt.com/indexsearchnew/CaseNumberList.aspx?SearchValues=RICHARDSON,JOHN,,4153134>.

[3] Superior Court of California, County of Sacramento (visited December 10, 2008) <https://services.saccourt.com/indexsearchnew/CaseNumberList.aspx?SearchValues=RICHARDSON,JOHN,,4153134>.

1    Moreover, petitioner is advised that the exhaustion of available state remedies is a

2    prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus

3    proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); Carothers v. Rhay, 594 F.2d 225 (9th Cir.

4    1979); 28 U.S.C. § 2254(b).  "A petitioner may satisfy the exhaustion requirement in two ways:

5    (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . . ;

6    or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state

7    remedies are available to the petitioner and the petitioner has not deliberately by-passed the state

8    remedies."  Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The

9    exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts

10   the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404

11   U.S. 270, 275 (1971).

12       Petitioner alleges he has "exhausted all available remedies."  (Pet., at 6.)

13   However, petitioner does not specify what remedies he exhausted, nor does he claim he has

14   presented petitions for each conviction to the state supreme court.  Moreover, given the recent

15   sentencing in the two criminal cases set forth above, April 9, 2008 and July 9, 2008, it is unlikely

16   that all of those claims have been decided by the California Supreme Court.  A search of the

17   California Supreme Court website reflects no petition for review filed for petitioner for 2008

18   convictions.[4]  Because it appears petitioner has not yet exhausted his state court remedies, the

19   court will recommend dismissing the petition without prejudice to its renewal once petitioner

20   exhausts his state court remedies.

21       Petitioner also seeks injunctive relief.  Petitioner asks that the respondent court be

22   restrained and prohibited from using petitioner's prior convictions to support future charges and

23   to prevent the state court from allowing petitioner to be charged again with another violation of

24   California Penal Code § 290.

25

26       [4] California Appellate Courts, (visited Dec. 11, 2008) <http://appellatecases. courtinfo. ca.gov/search/ searchResults.cfm?dist=0&search=party>.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, petitioner must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his defense of the criminal case.  Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980).  A federal court should abstain from adjudicating a lawsuit if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state

4

1  proceedings provide an adequate opportunity to raise federal questions.  Middlesex County

2  Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 532, 102 S.Ct. 2515 (1982).

3          The instant action does not present such unusual circumstances.  In Huffman v.

4  Pursue, Ltd., 420 U.S. 592, 608, 95 S.Ct. 1200 (1975), the U.S. Supreme Court held that even

5  when the appellee's trial was over by the time Pursue brought its federal complaint, a losing party

6  like Pursue must exhaust its state appellate remedies before seeking relief in the federal court,

7  unless an exception to Younger applies.  In World Famous Drinking Emporium, Inc. v. Tempe,

8  820 F.2d 1079, 1082 (9th Cir.1987), the Ninth Circuit held, for Younger abstention purposes,

9  exhaustion of state appellate remedies did not occur until the losing party appealed the adverse

10 rulings to the state supreme court.  Failure to exhaust state appellate remedies satisfies the

11 requirement of ongoing state proceedings.  Id.

12          As noted above, this court has found that petitioner has not yet exhausted his state

13 court remedies.  Because petitioner still has his direct appeal available as a forum to raise the

14 claims he has brought here, the state proceeding is still "pending" for Younger purposes.

15          Younger held that interference with a state criminal prosecution would disrupt the

16 exercise of a basic state function, "prohibiting the State from carrying out the important and

17 necessary task of enforcing these laws against socially harmful conduct that the State believes in

18 good faith to be punishable under its law and Constitution."  Younger, 401 U.S. at 51-52.  A

19 criminal prosecution implicates important state interests.  Accordingly, the second Younger

20 requirement is met.

21          Finally, "[w]here valid state interests are involved, a federal court should abstain

22 'unless state law clearly bars the interposition of constitutional claims.'"  Middlesex County

23 Ethics Comm., 457 U .S. at 432 (internal citation omitted).  Federal plaintiffs "need be accorded

24 only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings. .

25 . . "  Juidice v. Vail, 430 U.S. 327, 337, 97 S.Ct. 1211 (1977); Communications Telesystems

26 International v. California Public Utility Commission, 196 F.3d 1011, 1019-20 (9th Cir.1999).

1    The state courts routinely consider federal constitutional issues as part of the criminal appellate

2    process.  See, e.g., People v. Phillips, 135 Cal.App.4th 422, 424, 37 Cal.Rptr.3d 539 (3rd Dist.

3    2006) (considering appellant's claim that the trial court improperly denied his motion to represent

4    himself under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975)).  Thus, the third

5    requirement of Younger is met as well.

6            Thus, to the extent petitioner seeks injunctive relief as to claims raised in his

7    habeas challenges to the 2008 criminal convictions, his claims are barred by Younger.

8            Accordingly, IT IS HEREBY ORDERED that:

9            1.  Petitioner's request to proceed in forma pauperis is granted; and

10           2.  The Clerk of the Court is directed to assign a district judge to this case.

11           IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus

12   pursuant to 28 U.S.C. § 2241, including his request for injunctive relief, be denied and that this

13   action be dismissed without prejudice.

14           These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16   days after being served with these findings and recommendations, petitioner may file written

17   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendations."  Petitioner is advised that failure to file objections within the

19   specified time may, under certain circumstances, waive the right to appeal the District Court's

20   order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21   DATED:  December 16, 2008.

22

23

UNITED STATES MAGISTRATE JUDGE

24

25   001; rich2973.56

26

6